UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROCHE DIAGNOSTICS CORP. and
ROCHE DIABETES CARE, INC.,

      Plaintiffs,                  Case No. 19-10264

v                                    Honorable Paul D. Borman

DONNIE E. DICKSTEIN, KENNETH
G. FASSE, JAMES E. BINSON I, and
CHRISTOPHER F. SHAYA,

      Defendants,

and

CHRISTOPHER F. SHAYA,

      Third-Party Plaintiff,

v

DONNIE E. DICKSTEIN, KENNETH
G. FASSE, and NORTHWOOD, INC.,

      Third-Party Defendants.
_____/

| | |
|---|---|
| RAYMOND W. HENNEY (P35860) | EDWARD G. LENNON (P42278) |
| Honigman LLP | Lennon Law PLLC |
| Attorney for Plaintiffs | Attorney for Defendant/Third-Party |
| 660 Woodward Ave., Ste. 2290 | Plaintiff, Christopher Shaya |
| Detroit, MI 48226 | 355 S. Old Woodward, Ste. 100 |
| (313) 465-7410 | Birmingham, MI 48009 |
| rhenney@honigman.com | (248) 723-1276 |

1

GEOFFREY POTTER, ESQ.
ARON FISCHER, ESQ.
JOSEPH R. RICHIE, ESQ.
Patterson Belknap, Webb & Tyler LLP
Co-counsel for Plaintiffs
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
gpotter@pbwt.com
afischer@pbwt.com
jrichie@pbwt.com

_____/

## CHRISTOPHER SHAYA'S THIRD-PARTY COMPLAINT

Third-Party Plaintiff, Christopher Shaya, by and through his attorney, Lennon Law PLLC, for his third-party complaint against Third-Party Defendants, Donnie E. Dickstein, Kenneth G. Fasse and Northwood, Inc., states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Third-Party Plaintiff, Christopher Shaya ("Shaya"), is an individual who resides at 20838 Maybury Park Drive, Northville, Michigan, 48167.

2. Third-Party Defendant Donnie E. Dickstein ("Dickstein") is an individual who, upon information and belief, resides at 35898 Tamarack Court, New Baltimore, Michigan, 48047.

3. Third-Party Defendant Kenneth Fasse ("Fasse") is an individual who, upon information and belief, resides at 57580 Ridgewood Dr., Washington, Michigan, 48094.

4. Third-Party Defendant Northwood, Inc. ("Northwood") is a Michigan corporation with a principal place of business located in the City of Centerline, Macomb County, Michigan.

5. This Third-Party Complaint is being filed pursuant to Fed. R. Civ. P. 14.

## FACTS

6. From at least 2014 through the present, Dickstein and Fasse have been employees and officers of Northwood, Inc. ("Northwood"), an entity that primarily acted as a third-party administrator for certain durable medical equipment (DME) programs.

7. In 2014, Dickstein, Fasse and Shaya had discussions about Northwood embarking on a program by which it would purchase diabetic test strips ("Strips") from either Roche Diagnostics Corp and/or Roche Diabetes Care, Inc. (collectively "Roche") for resale to an entity of which Shaya and Jeremiah Mankopf ("Mankopf") were members, Olympus Global, LLC ("Olympus").

8.     Dickstein and Fasse advised Shaya that Northwood would seek to amend the contract between its affiliated entity, Binson's Hospital Supplies, Inc. ("Binson's"), and Roche to permit Northwood to purchase Strips directly from Roche and resell them to Olympus.

9.     Based upon the representations of Fasse and Dickstein, Olympus executed a Distributor Agreement with Northwood on May 2, 2014 (the "Distributor Agreement").  Fasse signed the Distributor Agreement on behalf of Northwood.  Upon information and belief, a copy of the Distributor Agreement is in the possession of the third-party defendants.

10.    Subsequent to the execution of the Distributor Agreement, Fasse and Dickstein advised Shaya that Binson's had amended its agreement with Roche to allow Northwood to purchase Strips directly from Roche and re-sell them to Olympus.

11.    Thereafter, Northwood sold Strips to Olympus, and Olympus fully paid Northwood for the Strips.

12.    In January, 2015, Mankopf and Shaya agreed to dissolve Olympus.  In connection with that dissolution, Shaya advised Dickstein that a new entity formed by Shaya and Daniel Gladys ("Gladys"), Delta Global, LLC ("Delta"), would purchase the Strips from Northwood.

13. At all relevant times, Fasse and Dickstein knew that Olympus and Delta were not DME providers.

14. At all relevant times, Fasse and Dickstein were aware that Olympus and Delta were not re-selling the Strips to individual patients.

15. Northwood, Fasse and Dickstein never advised Shaya that, under its contract with Roche, Northwood was not permitted to sell the Strips to Olympus or Delta.

16. In late September, 2015, Roche terminated its sales of Strips to Northwood and began an investigation as to Northwood's purchase from Roche and re-selling of Strips.

17. Subsequent to its investigation, Roche brought a lawsuit against Northwood, Binson's, Dickstein, Fasse, Shaya and others in United States District Court, Southern District of Indiana, Indianapolis Division, *Roche Diagnostics Corp, et al, v Binson's Hospital Supplies, et al,* Case No. 17-cv-00949-LJM-DML (the "Indiana Litigation").

18. Upon information and belief, Northwood and Roche settled the claims in the Indiana Litigation. As part of that settlement, Northwood and/or affiliated individuals and entities agreed to pay substantial monies to Roche.

19. On January 25, 2019, Roche brought this lawsuit against Dickstein, Fasse, James E. Binson, I ("Binson"), and Shaya, alleging that those four individuals had engaged in various tortious activity relative to the sale of the Strips by Roche to Northwood and re-selling them to Olympus and Delta.

20. In the Complaint filed in this matter, Roche asserted the following claims: fraud in the inducement (against all Defendants), fraud (against all Defendants), negligent misrepresentation (against Binson only), unjust enrichment (against all Defendants) and tortious interference (against Shaya only).

21. Upon information and belief, pursuant to the settlement of the Indiana Litigation, Roche has released Dickstein, Fasse and Binson from any claims in this case. Accordingly, those individuals have been dismissed as Defendants in this action.

## COUNT I – FRAUD

22. Shaya hereby incorporates the allegations contained in paragraphs 1 through 21 as if set forth herein in their entirety.

23. In connection with the sales of Strips to Olympus and, later, Delta, third-party defendants advised Shaya that Northwood's contract with Roche permitted it to sell Strips to Olympus and Delta.

24. On June 30, 3014, Dickstein sent an email to Shaya indicating in part, [W]e should be good to go on our end." Dickstein was conveying to Shaya that he had received approval from Roche to sell Strips to Olympus.

25. On July 10, 2014, Dickstein sent a text to Shaya, stating in part, "We got approval and are good to move forward." Again, Dickstein was conveying to Shaya that he had received approval from Roche to sell Strips to Olympus.

26. The statements by third-party defendants that Northwood was permitted under its contract with Roche to sell Strips to Olympus and Delta were false.

27. Third-party defendants made false statements to Shaya with the intention that Shaya would rely on these false statements.

28. Shaya reasonably relied on the representations of third-party defendants as to whom Northwood was permitted to sell Strips.

29. As a direct and proximate result of third-party defendants' misrepresentations, Shaya was named as defendants in the Indiana Litigation and Shaya has been named as a Defendant in this litigation.

30. As a direct and proximate result of third-party defendant's misrepresentations, Shaya has incurred costs and attorney fees in defending

7

the Indiana Litigation and this litigation, and Shaya may be compelled to pay monies to Roche in this litigation.

## COUNT II – SILENT FRAUD

31. Shaya hereby incorporates the allegations contained in paragraphs 1 through 30 as if set forth herein in their entirety

32. In connection with the sales of Strips to Olympus and, later, Delta, Northwood owed a duty to advise Shaya that Northwood was not permitted under its contract with Roche to sell the Strips to Olympus and Delta.

33. Northwood failed to advise Shaya that the sale of the Strips to Olympus and Delta were inconsistent with the Roche-Northwood contract.

34. As a direct and proximate result of Northwood's failure to advise Shaya that the sale of the Strips to Olympus and Delta were inconsistent with the Roche-Northwood contracts, Shaya was named as a Defendant in the Indiana Litigation and in this litigation.

35. As a direct and proximate result of Northwood's failure to advise Third-Party-Plaintiff that the sale of the Strips by Olympus and Delta were inconsistent with the Roche-Northwood contracts, Third-Party-Plaintiff has incurred costs and attorney fees in defending the Roche Litigation and

this litigation, and Shaya may be compelled to pay monies to Roche in this litigation.

## **COUNT III – COMMON LAW INDEMNIFICATION**

36. Shaya hereby incorporates the allegations contained in paragraphs through 35 as if set forth herein in their entirety

37. Although Roche has pled claims against Shaya in this litigation, Roche implicitly admits in its complaint that it had no direct dealings with Shaya in connectio with the sales of Strips to Northwood.

38. Rather, through the complaint in this case, Roche seeks to impose liability on Shaya for the active fault and wrongdoing of solely Fasse, Dickstein and Northwood.

39. Under common law principles, because he is free of active fault, Shaya is entitled to indemnification from Third-Party Defendants.

Wherefore, Third-Party-Plaintiff requests a judgment awarding the following against Third-Party-Defendants:

(a) actual damages;

(b) full and complete indemnification of any sums Third-Party-Plaintiff may be obligated to pay Plaintiffs in this case; and

(c) costs, interest and attorney fees.

>Respectfully submitted,
>
>LENNON LAW PLLC
>
>/s/Edward G. Lennon
>Edward G. Lennon (P42278)
>Attorney for Christopher Shaya
>355 S. Old Woodward, Ste. 100
>Birmingham, MI 48009
>(248) 723-1276
>elennon@lennonlawpllc.com

Dated: March 26, 2019

**Proof of Service**

I certify that on March 26, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record herein at their respective addresses as disclosed on the pleadings.

Signature: /s/Catherine A. Conti
Catherine A. Conti
355 S. Old Woodward, Ste. 100
Birmingham, MI 48009
(248) 723-1276
cconti@lennonlawpllc.com