UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHE DIAGNOSTICS CORPORATION
& ROCHE DIABETES CARE, INC.,

              Plaintiffs,

v.

CHRISTOPHER F. SHAYA,

              Defendant.

v.

NORTHWOOD, INC., DONNIE F.
DICKSTEIN, & KENNETH G. FASSE,

              Third-Party Defendants.
_____/

Case No. 19-cv-10264

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
Magistrate Judge

OPINION AND ORDER
(1) DENYING DEFENDANT CHRISTOPHER SHAYA'S MOTION FOR
RECONSIDERATION (ECF NO. 38); and
(2) DENYING THIRD PARTY PLAINTIFF CHRISTOPHER SHAYA'S
MOTION FOR RECONSIDERATION (ECF NO. 39)

## I.    INTRODUCTION

On December 3, 2019, the Court issued an Opinion and Order denying Defendant Christopher Shaya's Motion for Judgment on the Pleadings (ECF No. 24) and granting Third-Party Defendants Donnie E. Dickstein, Kenneth G. Fasse, and Northwood, Inc.'s Motion to Dismiss (ECF No. 25). (ECF No. 36.) On December 10, Shaya filed a Motion for Reconsideration regarding the portion of

the Opinion and Order addressing his Motion for Judgment on the Pleadings, (ECF No. 38), and, on December 11, Shaya filed a second Motion for Reconsideration regarding the portion of the Opinion and Order addressing the Third-Party Defendants' Motion to Dismiss, (ECF No. 39). On January 6, 2020, Plaintiffs Roche Diagnostics Corporation and Roche Diabetes Care, Inc. (Roche) and Third-Party Defendant Donnie F. Dickstein filed their respective Responses. (ECF Nos. 45 & 46.) For the reasons that follow, the Court denies both of Shaya's Motions.

## II.    STANDARD OF REVIEW

"A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Eastern District of Michigan Local Rule 7.1(h)(3) provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017).

2

"A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at \*1 (E.D. Mich. Dec. 30, 2010). It should also not be "used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). Indeed, "[i]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007)). Finally, "a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat. Ins. Co*., 563 F. App'x 473, 476 (6th Cir. 2014).

### III.   ANALYSIS

In both of his Motions for Reconsideration, Shaya argues that the Court was misled by its failure to agree with his previously-stated arguments. In other words, both Motions "merely present the same issues ruled upon by the Court." E.D. Mich. LR 7.1(h)(3). The Court explained its reasoning for rejecting Shaya's arguments at length in its Opinion and Order, and Shaya has not identified any new

3

evidence, binding caselaw overlooked by the Court, or any other palpable defect. Accordingly, his Motions for Reconsideration are denied.

### A.    Shaya's Motion for Reconsideration on Denial of his Motion for Judgment on the Pleadings

In Shaya's Motion for Reconsideration of the Court's denial of his Motion for Judgment on the Pleadings, he argues that the Court erred in three ways: (1) by rejecting his argument that the claims brought on behalf of Roche Diabetes Care, Inc. should be dismissed because it was not involved in any of the initial transactions at issue; (2) by rejecting his argument that his act of providing lists of health plans was (a) not a material misrepresentation and (b) was not relied upon by Roche because Shaya did not communicate directly to Roche; and (3) by rejecting his argument that an unjust enrichment claim requires that the plaintiff confer a benefit directly on the defendant. (ECF No. 38, First Motion for Reconsideration, PgID 594.) None of these recycled arguments persuades the Court to reconsider its December 3, 2019 Opinion and Order.

### 1.    Plaintiff Roche Diabetes Care, Inc.

In his first claimed defect, Shaya correctly notes that the Court erred in considering a factual allegation contained in Plaintiffs' Response that was not contained in the complaint—that Plaintiff Roche Diabetes Care, Inc. suffered damages from paying unwarranted rebates after it took over the United States

4

commercial diabetes business from Plaintiff Roche Diagnostics Corporation in November of 2015. (ECF No. 38, First Motion for Reconsideration, PgID 599 (citing ECF No. 36, O&O, PgID 554).) Shaya argues that this error constitutes a palpable defect because it misled the Court into rejecting his argument that the claims brought by Plaintiff Roche Diabetes Care, Inc. must be dismissed because it was not involved in the transactions at issue. (*Id.* at PgID 596–600.) The Court does not agree.

Shaya argues that Plaintiffs violated Federal Rule of Civil Procedure 8(a)(2), which requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (*Id.* at PgID 596–599.) This Rule, along with the related Rule that, in a complaint alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), requires parties to provide enough detail to "enable a particular defendant to determine with what it is charged." *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) (interpreting Rule 9(b)). When multiple plaintiffs file a complaint against multiple defendants for several different causes of action, the factual allegations in the complaint must specifically identify which plaintiffs are bringing which claims against which defendants so that each defendant has fair notice. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 519–20 (6th Cir. 2006)

(affirming Rule 8 dismissal of complaint filed by 28 plaintiffs against multiple defendants for various contract and discrimination claims for lack of specificity).

Here, the Complaint alleges that Plaintiff Roche Diagnostics Corp. operated the United States commercial diabetes business until November 2015, when that business was transferred to Roche Diabetes Care, Inc., a separate entity with the same parent company as Roche Diagnostics Corp. (ECF No. 1, Complaint, PgID 6, ¶ 15.) The rest of the Complaint does not distinguish between the two, referring to both as "Roche." Rather than making it impossible for Shaya to discern what charges each Roche is bringing against him, the lack of distinction between the entities put Shaya on notice that both corporations are charging him with each claim in the Complaint. Plaintiffs' failure to distinguish between the two Roche entities in the Complaint is therefore not a valid basis for dismissal under Rule 8. *See Nafziger*, 467 F.3d at 520 (distinguishing between dismissal for a violation of Rule 8 and dismissal under Rule 12(b)(6) for failure to state a claim).

Shaya's substantive argument, that "Roche Diabetes Care, Inc. could not have been involved in the transactions serving as the basis for each and every claim asserted in the complaint" because it did not take over the U.S. commercial diabetes business until November of 2015, after the sales to Northwood ceased, also fails to persuade the Court to dismiss Roche Diabetes Care, Inc. from the case. (ECF No. 38, First Motion for Reconsideration, PgID 597.) Based on the

allegations in the Complaint, Roche Diabetes Care, Inc. is the successor in interest to the Roche Diagnostic Corp.'s U.S. commercial diabetes business, and, as such, "retains the same rights as t[h]e original owner." *Mary McKenzie Trust v. Bartle*, No. 12-14412, 2016 WL 5661573, at *3 (E.D. Mich. Sept. 30, 2016). These rights include the right to bring the claims at issue in this case. Accordingly, Shaya's Motion for Reconsideration is denied on this issue.

### 2.     Fraud

In his second claimed defect, Shaya disagrees with the Court's conclusion that Shaya's act of providing lists of insurers and health plans to the Binson's Defendants, who used those lists to mislead Roche was a material misrepresentation. (ECF No. 38, First Motion for Reconsideration, PgID 600–06.) He argues that the court erred in finding that a partial truth, or a truth taken out of context, can be an actionable misrepresentation in a claim of fraud, because Michigan law "does not recognize a cause of action for 'half-truth' fraud." (*Id.* at PgID 601–02.) This attempt to re-hash the argument made in Shaya's Motion for Judgment that the lists could not have been misrepresentations because the information within them was accurate (*see* ECF No. 24, Motion for Judgment on Pleadings, PgID 162–64), is unsupported and unpersuasive.

Shaya fails to identify a single case applying Michigan law to support his assertion that this Court "ignor[ed] well-established Michigan case law" when it

held that a truth deliberately taken out of context such that it becomes misleading can be a material misrepresentation. (ECF No. 38, First Motion for Reconsideration, PgID 601.) Instead, he cites *Miller v. Champion Enters.*, 346 F.3d 660, 682 (6th Cir. 2003), where the Sixth Circuit analyzed certain statements to determine whether they were materially misleading in the context of federal securities laws, and *In re Ford Motor Co. Sec. Litig.*, 381 F.3d 563, 570 (6th Cir. 2004), which also involved federal securities laws, not Michigan common law. (*Id.* at PgID 602.) The cases relied upon by the Court, though dated, continue to persuade the Court that out-of-context half-truths, like the lists Shaya is alleged to have provided to Roche, are actionable material misrepresentations. *See Nationwide Motorist Ass'n of Michigan, Inc. v. Nationwide Motorist Ass'n, Inc.*, 273 F. Supp. 875, 882 (W.D. Mich. 1976) (finding that boast that was literally true but disguised reality was misrepresentation); *People v. Atkins*, 397 Mich. 163, 182 (1976) (Levin, J. concurring) (citing *Groening v. Opsata*, 323 Mich. 73 (1948) for proposition that half-truths and nondisclosures are misrepresentations). Shaya has not shown a palpable defect in the Court's analysis of the element of material misrepresentation.

Shaya's second argument regarding the element of reliance in Roche's fraud claim is the same argument he made in his Motion for Judgment on the pleadings—that Roche could not have relied on any of Shaya's representations

8

because none of those representations were made directly to Roche. (*Compare* ECF No. 24, Motion for Judgment on Pleadings, PgID 162 ("Given that Roche fails to allege that Shaya made any misrepresentations to it, Roche has not alleged that it relied on any misrepresentation of Shaya.") *with* ECF No. 38, First Motion for Reconsideration, PgID 607 ("Logically, because they never received any communications from Shaya, Plaintiffs were unable to plead they relied on any representations by Shaya.").) A motion for reconsideration is not "a vehicle to re-hash old arguments," and the Court adequately addressed this argument in the initial Opinion and Order. *Mount Pleasant Public Schools*, 298 F. Supp. 2d at 637. The Court denies Shaya's Motion for Reconsideration on Roche's claim of fraud, as well as on the claim of civil conspiracy to defraud.

### 3.    Unjust Enrichment

In his final claimed defect regarding his Motion for Judgment on the Pleadings, Shaya argues that the Court erred in finding that an indirect benefit is sufficient to state a claim for unjust enrichment and that the Court erred in finding that Roche conferred any benefit on Shaya at all. (ECF No. 38, First Motion for Reconsideration, PgID 608–12.) This Court already considered Shaya's argument that a claim of unjust enrichment requires the plaintiff to have conferred a direct benefit onto the defendant, noted that it is a difficult and unresolved question, analyzed the relevant persuasive authority, and, ultimately, rejected it. (ECF No.

36, O&O, PgID 568–69.) Shaya's argument, that the Court was "misled when it ignored all of the[] cases cited by Shaya" does not give the Court a reason to repeat that analysis. (ECF No. 38, First Motion for Reconsideration, PgID 610.)

Shaya's other argument on unjust enrichment, that the Complaint fails to allege that Shaya received any benefit from Roche, whether directly or indirectly is both unconvincing and an improper attempt "to raise new legal arguments that could have been raised before a judgment was issued." *Shah*, 507 F. App'x at 495. Read as a whole, the Complaint alleges that Shaya was a willing participant in a scheme that allowed him to make approximately $8 million in profits by "tricking Roche into selling [the Binson's Defendants] large quantities of NFR test strips" and then reselling those strips at a significant markup. (ECF No. 1, Complaint, PgID 2, ¶ 3–4.) In other words, Roche unknowingly conferred a benefit on the Binson's Defendants by selling them test strips at price significantly lower than the market price for retail test strips, those Defendants then conferred that benefit onto Shaya by selling him those same test strips at a below-market price, and then Shaya retained the benefit by reselling the strips at a close-to-market price. Plaintiffs adequately alleged the indirect conferral of a benefit on Shaya.

Shaya's first Motion for Reconsideration (ECF No. 38) fails to identify any palpable defect by which the Court was misled when it denied his Motion for

Judgment on the Pleadings (ECF No. 24). Accordingly, the Court denies the first Motion for Reconsideration. (ECF No. 38.)

### B. Shaya's Motion for Reconsideration on Grant of Third-Party Defendants' Motion to Dismiss

Shaya's second Motion for Reconsideration (ECF No. 39) suffers from the same defects as his first Motion for Reconsideration (ECF No. 38)—it is an attempted second bite at the apple that fails to identify any "obvious, clear, unmistakable, manifest, or plain" error in the Court's analysis. *Michigan Dep't of Envtl. Quality*, 296 F. Supp. 3d at 847. As such, the Court also denies Shaya's second Motion for Reconsideration (ECF No. 39).

Shaya contends that the Court was "misled" by its own erroneous application of the law when it concluded that Shaya, in his Third-Party Complaint (ECF No. 13), failed to state valid claims for fraud and silent fraud against Third-Party Defendant Donnie Dickstein. (ECF No. 39, Second Motion for Reconsideration, PgID 626, 631.) After further review, the Court concludes that it committed no such error.

This Court dismissed Shaya's fraud claim against all Third-Party Defendants because he failed to allege facts showing the element of reliance, not because he failed to allege a false representation of fact. (ECF No. 36, O&O, PgID 575–76.) In the Opinion and Order, the Court found that Shaya's allegations supported an

inference that "Dickstein made a false representation of fact" when he texted and emailed Shaya that they were "good to go" and "good to move forward." (*Id.* at PgID 575.) It also found that, "[p]aragraphs 27 and 28 of the Third-Party Complaint, in which Shaya attempts to plead the elements of intent and reliance are 'bare assertions' that amount only to a 'formulaic recitation of the elements' of a fraud claim." (*Id.* at PgID 576 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).) Paragraph 28 states, "Shaya reasonably relied on the representations of third-party defendants as to whom Northwood was permitted to sell Strips." (ECF No. 13, Third-Party Complaint, PgID 114, ¶ 28.) That is a conclusory allegation of reliance that is not entitled to the presumption of truth, so the Court did not err in finding that Shaya did not allege facts supporting the element of reliance. *Iqbal*, 556 U.S. at 681.

Shaya, in his Motion for Reconsideration, argues that paragraph 11 contains factual allegations showing reliance. (ECF No. 39, Second Motion for Reconsideration, PgID 630.) Paragraph 11 establishes that Northwood and Shaya's company Olympus conducted business under the Distributor Agreement after he was told that Northwood amended its agreement with Roche, stating, "[t]hereafter, Northwood sold Strips to Olympus, and Olympus fully paid Northwood for the Strips." (ECF No. 13, Third-Party Complaint, PgID 111, ¶ 11.) It does not allege that Shaya relied on either of Dickstein's later-pled statements. The Court's

12

conclusion that Shaya failed to plead sufficient facts establishing reliance was not a palpable defect.

Finally, Shaya's contention that he adequately pled a claim of silent fraud against Dickstein does not identify a palpable defect in the Court's Opinion and Order. First, it relies on a substantially similar legal argument regarding duty to disclose as the one presented in Shaya's Response to Third-Party Defendants' Motion to Dismiss. In his Response, Shaya argued that the "extensive dealings in which Shaya wanted to make sure Northwood was permitted to sell Strips to Olympus" created a legal duty to disclose the fact that Northwood's contract with Roche did not permit the sale of test strips in retail channels. (ECF No. 27, Shaya's Response, PgID 360.) In the instant Motion for Reconsideration, Shaya again emphasizes the fact that Shaya and Third-Party Defendants were in discussions "about whether Northwood was permitted to sell Strips to Olympus," before arguing that Dickstein had a duty to correct his previous false representations. (ECF No. 39, Second Motion for Reconsideration, PgID 632–33.) Neither of these characterizations of the allegations in the Third-Party Complaint changes the fact that Shaya did not allege that he asked Dickstein or any other third-party defendant whether Northwood's contract with Roche permitted the sale of test strips to his companies, and therefore did not allege facts showing a duty to disclose.

Shaya's second Motion for Reconsideration (ECF No. 39) also fails to identify a palpable defect by which this Court was misled, and is therefore denied.

### IV.    CONCLUSION

For the above reasons, both of Christopher Shaya's Motions for Reconsideration are DENIED. (ECF Nos. 38 & 39.)

IT IS SO ORDERED.

Dated: April 17, 2020                    s/Paul D. Borman
                                         Paul D. Borman
                                         United States District Judge