UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHE DIAGNOSTICS CORP. and
ROCHE DIABETES CARE, INC.,

                Plaintiffs,

v.

CHRISTOPHER F. SHAYA,

                Defendant.

_____/

Case No. 19-10264

Paul D. Borman
United States District Judge

## OPINION AND ORDER
## (1) BIFURCATING THE LIABILITY AND DAMAGES PHASES OF THE TRIAL;
## (2) TAKING UNDER ADVISEMENT PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING PLAINTIFFS' MANUFACTURING COSTS OR PROFIT MARGIN (ECF NO. 101) PENDING THE JURY'S RESOLUTION OF THE LIABILITY PHASE OF THE TRIAL; AND
## (3) SETTING DATES FOR THE PARTIES' PROPOSED FINAL PRETRIAL ORDER AND FINAL PRETRIAL CONFERENCE

Before the Court is Plaintiffs Roche Diagnostics Corporation and Roche Diabetes Care, Inc.'s Motion in Limine to Preclude Evidence or Argument Regarding Manufacturing Costs or Profit Margins. (ECF No. 101.) Defendant Christopher Shaya filed a Response in opposition and Plaintiffs thereafter filed a reply. (ECF Nos. 107 (Sealed), 112.) The Court held a hearing on Plaintiffs' motion using Zoom videoconference technology on Monday, February 28, 2022.

For the reasons set forth below, the Court will bifurcate the liability and damages phases of this trial in this matter, and defer ruling on Plaintiffs' motion in limine until the jury's resolution of the liability phase of the trial. The Court will also set dates for the parties' proposed final pretrial order and the Final Pretrial Conference.

## I. BACKGROUND

The background facts of this litigation are set forth in detail in this Court's July 28, 2021 summary judgment Opinion and Order, and will be reiterated here only as necessary to provide context for the Court's ruling.

This case involves an alleged scheme by Defendant Christopher Shaya to use his companies, Olympus Global, LLC (Olympus) and Delta Global, LLC (Delta), to purchase "not for retail sale" (NFR) diabetes test strips, manufactured by Plaintiff Roche Diagnostics Corporation, from Northwood, Inc. (Northwood), and then to sell them to distributors for resale in retail markets in violation of Roche's contract with Northwood.

By way of background, Plaintiffs Roche Diagnostic Corporation and Roche Diabetes Care, Inc. (together, Roche) manufacture and distribute blood glucose test strips through two different channels: (1) retail test strips are distributed to retail pharmacies and dispensed primarily to patients whose insurance plans cover test strips under a "pharmacy benefit," the same benefit that covers prescription drugs;

and (2) not for retail sale, or NFR, test strips are sold by mail order to patients whose insurance plans cover test strips under a "durable medical equipment" (DME) benefit. (ECF No. 90-2, PageID.2623-2624). Retail test strips sell for a much higher price than NFR test strips due to large rebates that manufacturers, such as Roche, pay to insurers that reimburse retail pharmacies through pharmacy-benefit insurance. (*Id.* PageID.2624- 2625). For the time period relevant in this case (2014–2015), Roche sold retail strips at list prices of about $65–71 per 50-strip box, and NFR strips at prices of about $13 per box. Roche paid rebates to insurers of about $43 per box for retail test strips. (*Id.*) Roche paid no rebates on NFR test strips.

Roche brought this suit against Defendant Christopher Shaya and three other defendants alleging claims for fraud, negligent misrepresentation, unjust enrichment, and tortious interference with contract. (ECF No. 1, Complaint.) The other three defendants have been dismissed by settling, and the only remaining defendant is Christopher Shaya. Roche alleges that Defendant Shaya made approximately $8 million "from his fraudulent diversion scheme," and that Roche has lost more than $80 million in profits. (*Id.*)

On July 28, 2021, the Court entered an Opinion and Order denying Defendant Shaya's motion for summary judgment (ECF No. 96), and the Court also denied Defendant Shaya's motion for reconsideration. (ECF No. 99.) The Court concluded that Plaintiff Roche Diabetes Care, Inc., as the successor-in-interest to Roche

Diagnostics Corporation, is a proper plaintiff in this case, and that genuine issues of material fact remain as to Roche's claims for fraud (including fraud, aiding and abetting fraud, and conspiracy to commit fraud), unjust enrichment, and tortious interference with contract.[1] (ECF No. 96.)

Roche has filed a motion in limine seeking to exclude evidence or argument by Defendant Shaya regarding Roche's manufacturing costs and profits, asserting that such evidence is irrelevant to Roche's claimed damages, and would be prejudicially confusing to the jury. (ECF No. 101.) Roche argues that its manufacturing costs, and its gross profit margins, on NFR test strips are completely irrelevant to Roche's claimed loss from Shaya's diversion of Roche-made NFR test strips into retail channels. Rather, Roche claims that Shaya illegally profited from the price differences between Roche's NFR test strips and Roche's retail test strips – both of which are manufactured by Roche – and thus the diversion of one Roche product for another Roche product had no impact on Roche's manufacturing costs.

Shaya filed a Response in opposition to Roche's motion in limine. (ECF No. 107.) Shaya contends that he will "present a damage model through [his] own expert" that Roche suffered no loss as a result of the 1.5 million diverted test strips, and instead made a net profit (the sale price per box minus the manufacturing cost).

---

[1] Roche's negligent misrepresentation claim was asserted only against the other three defendants, and not Defendant Shaya. (ECF No. 1, Compl., Claim Three.)

4

Shaya argues that Roche's manufacturing cost evidence is necessary to establish that Roche made a net profit on the transactions at issue, and it will not complicate the proceedings and does not require a parade of witnesses.

Roche argues in Reply that Shaya merely repackages earlier arguments he made in his motion to strike Roche's damages expert, which the Court has already considered and rejected, and that Shaya has failed to respond to Roche's argument that, because Roche's manufacturing costs for retail and NFR test strips are identical, those costs are irrelevant to damages or to any other issue in the case, and would serve no purpose but to confuse the jury. (ECF No. 112.) Roche further notes that Defendant Shaya has not produced an expert's damages model.

## II. ANALYSIS

### A.    Bifurcation of Trial

The United States Court of Appeals for the Sixth Circuit has explained the proper analysis for ordering bifurcation of a trial under Federal Rule of Civil Procedure 42(b):

> A court may bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." In determining whether separate trial are appropriate, the court should consider several facts, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy."

*Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (internal citations omitted). The decision to bifurcate a trial is within the court's discretion and can be made upon the court's own motion. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

The Court finds that judicial economy would be best served in this case by bifurcation of the liability and damages phases of the trial. This will allow the jury to first hear and determine Roche's claims for fraud, unjust enrichment, and tortious interference with contract. The issue of Roche's manufacturing costs and profits bears only on the issue of damages and is not relevant in establishing liability. Defendant Shaya's counsel argued at the hearing that such evidence was relevant to his alternative damages model. Therefore, the threat of prejudice and juror confusion also weighs in favor of bifurcation.

Consequently, when the jury trial commences, it will first determine the issue of liability on Roche's claims. If the jury returns a verdict in favor of Roche on the issue of Defendant Shaya's liability, then the second phase of the trial to determine damages will immediately commence and utilize the same jury.

## B.    Roche's Motion in Limine (ECF No. 101)

After holding a hearing on this motion on February 28, 2022, the Court will defer ruling on Plaintiffs' Motion in Limine to Preclude Evidence or Argument Regarding Manufacturing Costs or Profit Margins (ECF No. 101) unless there is a

jury finding of Defendant's culpability on the fraud, and/or unjust enrichment, and/or tortious interference claims, thereby necessitating a ruling applicable to the damages phase of the trial.

### C.     Final Pretrial Conference Dates

The parties' Proposed Final Pretrial Order is due **March 21, 2022**, and shall be in two parts, for the liability phase and the damages phase.

The Final Pretrial Conference is scheduled for **April 5, 2022 at 11:00 a.m.**

## III.  CONCLUSION

Accordingly, the Court:

(1) ORDERS bifurcation of the liability and damages phases of the trial;

(2) DEFERS ruling on Plaintiffs' Motion in Limine to Preclude Evidence or Argument Regarding Manufacturing Costs or Profit Margins (ECF No. 101) until the jury's resolution of the liability phase of trial; and

(3) RESETS dates in this case as follows:

Proposed final pretrial order due: **March 21, 2022.**

In person final pretrial conference: **April 5, 2022 at 11:00 a.m.**

IT IS SO ORDERED.


Dated: March 1, 2022                          s/Paul D. Borman
                                              Paul D. Borman
                                              United States District Judge

7