UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHE DIAGNOSTICS CORP. and
ROCHE DIABETES CARE, INC.,

                    Plaintiffs,

v.

CHRISTOPHER F. SHAYA,

                    Defendant.

_____/

Case No. 19-10264

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANT'S PROPOSED EXHIBIT 503 (ECF NO. 123)

Now before the Court is Plaintiffs Roche Diagnostics Corp. and Roche Diabetes Care, Inc.'s motion *in limine* to exclude Defendant Christopher F. Shaya's proposed Exhibit 503. (ECF No. 123.) Defendant did not file a response in opposition to this motion, and the time for doing so has passed.

Because the Court does not believe that oral argument will aid in its disposition of this motion, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons set forth below, the Court GRANTS Plaintiffs' motion *in limine* to exclude Defendant's proposed exhibit 503.

## I. BACKGROUND

The background facts of this litigation are set forth in detail in this Court's July 28, 2021 summary judgment Opinion and Order. In brief, this case involves an alleged scheme by Defendant Christopher Shaya to use his companies, Olympus Global, LLC (Olympus) and Delta Global, LLC (Delta), to purchase "not for retail sale" (NFR) diabetes test strips, manufactured by Plaintiff Roche Diagnostics Corporation, from Northwood, Inc. (Northwood), and then to sell them to distributors for resale in retail markets in violation of Roche's contract with Northwood.

On June 6, 2022, Plaintiffs Roche Diagnostics Corp. and Roche Diabetes Care, Inc. (together, "Roche") filed a motion *in limine* to exclude Defendant's proposed exhibit 503, which purports to  be an email from non-party Victor Palamino to non-party Ivonne Gonzalez reading: "Hi Yvonne [sic], I'm sending you the NDA, please signed it and e-mail back to us asap, so we can begin Negotiation tals [sic] With [sic] the interested parties, if any questions please call us." (ECF No. 123, Pls.' Mot., citing Ex. A thereto, ECF No. 123-1, proposed Exhibit 503.) Roche argues that the document should be excluded because: (1) it is hearsay and falls within no hearsay exception; (2) for lack of foundation and relevance; and (3) it is more prejudicial than probative pursuant to Fed. R. Evid. 403.

**Defendant did not file a response to Plaintiffs' motion.** The local court rules of the Eastern District of Michigan required Defendant to file a response if he wished to oppose Plaintiffs' motion *in limine*. *See* E.D. Mich. L.R. 7.1(c)(1) ("A respondent opposing a motion *must* file a response, including a brief and supporting documents then available.") (emphasis added). Opposition to a motion is deemed waived if the responding party fails to respond or otherwise oppose the motion. *See Humphrey v. United State Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008). Because Defendant has not responded to Plaintiffs' motion *in limine*, Plaintiffs' motion can and will be construed as unopposed.

## II.   Legal Standard

District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) ("The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* –

in order to narrow the issues remaining for trial and to minimize disruptions at trial.").

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). It is a procedural vehicle "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "[A] preliminary ruling allows the parties to consider the court's ruling in formulating their trial strategy." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Motions *in limine* may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal[.]" *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998). Under the Federal Rules of Evidence, "[e]vidence is relevant ... if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and ... the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). The court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it]

4

believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'" *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice." *Robinson*, 149 F.3d at 514-15 (emphasis in original) (citing Fed. R. Evid. 403). The court has "very broad discretion in making this determination." *United States v. LaVictor*, 848 F.3d 428, 444 (6th Cir. 2017) (quoting *United States v. Semrau*, 693 F.3d 510, 523 (6th Cir. 2012)).

## III.  DISCUSSION

Plaintiffs first contend that Defendant's proposed exhibit 503, an email from non-party Victor Palamino to non-party Ivonne Gonzalez, is inadmissible because it is hearsay (an out-of-court statement offered for its truth) and falls within no known hearsay exception. (ECF No. 123, Pls.' Mot. PageID.3551.) Plaintiffs further argue although Defendant "suggests" that the email is admissible under the "business record exception to the hearsay rule, Fed. R. Evid. 803(6), that argument fails because there is no indication that the email is a record kept in the course of a

5

regularly conducted activity of a business. (*Id.*, citing *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019) ("An email is not a business record for purposes of the relevant hearsay exception simply because . . . employees regularly conduct business through emails; such evidence alone is insufficient to show that the email is a record, made as 'a regular practice' of the company, Fed. R. Evid. 803(6)(C), and that 'the record was kept in the course of a regularly conducted activity of a business,' *id*. at 803(6)(B).").)

The Court agrees that the statements in the email in Defendant's proposed exhibit 503 are out-of-court statements and therefore inadmissible hearsay if offered for the truth of the matters asserted therein, and that the document does not fall within a hearsay exception. Defendant does not oppose Plaintiffs' motion. The Court accordingly finds that Defendant's proposed exhibit 503 is excluded as inadmissible hearsay.

Plaintiffs further contend that exhibit 503 is inadmissible because there is no foundation for its relevance or authenticity. (ECF No. 123, Pl.'s Mot. PageID.3551-52, citing Fed. R. Evid. 401 and 901.) Plaintiffs argue that there is no basis to establish any such foundation for the email because Mr. Palamino and Ms. Gonzalez, the only individuals with personal knowledge of the document, reside in Florida and were not deposed in this action. (*Id.*) Defendant does not oppose Plaintiffs' motion on this basis, and the Court finds that Defendant's proposed exhibit 503 is also

excluded for lack of relevance and lack of foundation, pursuant to Fed. R. Evid. 401, and 901.

Plaintiffs also contend that Defendant's proposed exhibit 503 should be excluded pursuant to Fed. R. Evid. 403 because it is more prejudicial than probative. (ECF No. 123, Pls.' Mot. PageID.3552-53.) Plaintiffs argue that the only discernible purpose of the exhibit – "a cryptic, ungrammatical note between two absent non-parties who cannot and will not testify" – is to confuse the jury. Defendant does not oppose Plaintiffs' motion, and the Court finds that Defendant's proposed exhibit 503 should be excluded for the additional reason that it is more prejudicial than probative, pursuant to Fed. R. Evid. 403.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion *in limine* to exclude Defendant's proposed exhibit 503 is **GRANTED**.

IT IS SO ORDERED.

Dated: September 14, 2022                s/Paul D. Borman
                                         Paul D. Borman
                                         United States District Judge