# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ROCHE DIAGNOSTICS CORP. & ROCHE DIABETES CARE, INC., | |
| Plaintiffs, | Civil Action No. 19-cv-10264 |
| v. | Hon. Paul D. Borman |
| DONNIE E. DICKSTEIN, KENNETH G. FASSE, JAMES E. BINSON I, & CHRISTOPHER F. SHAYA, | |
| Defendants. | |

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CHRISTOPHER SHAYA'S MOTION FOR RECONSIDERATION

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... ii

ISSUES PRESENTED ............................................................................ iv

PRELIMINARY STATEMENT .............................................................. 1

LEGAL STANDARD .............................................................................. 2

ARGUMENT ........................................................................................... 4

I.    Shaya's Motion, Which Merely Repeats Arguments Shaya Already Made, Fails To Meet the Standard for Reconsideration Under E.D. Mich. LR 7.1(h)(2). ......................................................................................... 4

II.   Shaya's Motion Fails To Demonstrate That the Court Made a Mistake, and That Correcting That Mistake Changes the Outcome of a Prior Decision, Under E.D. Mich. LR 7.1(h)(2)(A). .................................................... 5

CONCLUSION ....................................................................................... 10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bowles v. Macomb Cmty. Coll.*,
No. 20 Civ. 13175 (RHC), 2022 U.S. Dist. LEXIS 84288 (E.D.
Mich. May 10, 2022) ...........................................................................3

*Douglas v. McCullick*,
No. 19 Civ. 10261 (MFL), 2023 WL 2761703 (E.D. Mich. Apr. 3,
2023) .......................................................................................................4, 5

*Dunigan v. Thomas*,
No. 22 Civ. 11038 (PDB), 2023 WL 3562987 (E.D. Mich. May 19,
2023) ...........................................................................................................3

*Fischer v. United States*,
589 F. Supp. 3d 726 (E.D. Mich. 2022) ...........................................4, 5

*Harper v. Burt*,
No. 19 Civ. 10232 (LVP), 2023 WL 4110535 (E.D. Mich. June 21,
2023) ..................................................................................... 3-4, 5

*Ibrahim v. Liberty Mut. Pers. Ins., Co.*,
No. 22 Civ. 10015 (SFC), 2023 WL 4446299 (E.D. Mich. Apr. 26,
2023) .......................................................................................................4, 5

*Leisure Caviar LLC v. U.S. Fish & Wildlife Serv.*,
616 F.3d 612 (6th Cir. 2010) ...................................................................9

*Mahar v. Comm'r*,
No. 21 Civ. 11694 (DML), 2022 WL 17826894 (E.D. Mich. Feb.
4, 2022) .......................................................................................................9

*McNeal v. Found. Radiology Grp., PC*,
636 F. Supp. 3d 794 (E.D. Mich. 2022) ...............................................8

*Oswald v. BAE Indus., Inc.*,
No. 10 Civ. 12660 (RHC), 2010 WL 5464271 (E.D. Mich. Dec.
30, 2010), *aff'd*, 483 F. App'x 30 (6th Cir. 2012) ................................3

*Sanborn v. Parker*,
  629 F.3d 554 (6th Cir. 2010) ...................................................................8

*Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Sch.*,
  319 F. Supp. 3d 898 (E.D. Mich. 2018) ..............................................3

*Taylor Acquisitions, L.L.C. v. City of Taylor*,
  313 F. App'x 826 (6th Cir. 2009) .......................................................9

*Thompson v. Nestle Waters N. Am., Inc.*,
  No. 21 Civ. 11054 (SFC), 2023 WL 4493597 (E.D. Mich. Mar. 3, 2023) ..........................................................................................................8

**Other Authorities**

E.D. Mich. LR 7.1 .....................................................................................3

E.D. Mich. LR 7.1(h)(2) .................................................... 1, 2-3, 4, 8

E.D. Mich. LR 7.1(h)(2)(A) ...............................................................4, 5

E.D. Mich. LR 7.1(h)(2)(B) ....................................................................4

E.D. Mich. LR 7.1(h)(2)(C) ....................................................................4

## <u>ISSUES PRESENTED</u>

1.    Whether Shaya's motion for reconsideration, which merely repeats
      arguments Shaya already made, meets the standard for reconsideration under
      E.D. Mich. LR 7.1(h)(2).

2.    Whether Shaya's motion for reconsideration demonstrates that the Court
      made a mistake, and that correcting that mistake changes the outcome of a
      prior decision, under E.D. Mich. LR 7.1(h)(2)(A).

Plaintiffs Roche Diagnostics Corp. and Roche Diabetes Care, Inc. (collectively, "Roche" or "Plaintiffs") respectfully submit this Response in Opposition to Defendant Christopher Shaya's ("Shaya") Motion for Reconsideration.

## PRELIMINARY STATEMENT

Shaya's motion for reconsideration recycles the same arguments this Court has already properly rejected.  Consequently, Shaya fails to make a sufficient showing for relief under any of the three grounds for reconsideration under E.D. Mich. Local Rule 7.1(h)(2), and his motion should be denied.

Shaya contends that this Court erred when it determined that Roche's manufacturing costs and gross profit margins are irrelevant.  (*See* ECF No. 186, PageID.4951-4952.)   Shaya argues that this Court "ignores the arguments Shaya has made throughout this case" about the assumptions in Dr. Bell's damages model.  (*See id.*, PageID.4953.)  To the contrary, this Court has addressed Shaya's arguments repeatedly, and rejected them.  (*See generally* ECF No. 97; *see* ECF No. 185, PageID.4927.)  Shaya also contends that the Court failed to consider that the jury may reject Dr. Bell's assumptions about the sales of and rebates paid on test strips in his analysis.  (*See* ECF No. 186, PageID.4953-4954.)  But regardless whether the jury accepts or rejects the assumptions in Dr. Bell's damages model,

-1-

Roche's manufacturing costs and gross profit margins remain irrelevant to Shaya's defense.

Shaya raised each argument in the present motion during briefing and oral argument on the underlying motion *in limine*.  The present motion provides neither new case law nor new evidence.  The present motion is an improper attempt to obtain a "second bite at the apple" and should be summarily denied on that basis. The motion should also be denied because Shaya fails to identify any mistake made by the Court based on the record and the law before the Court at the time of its decision, let alone an outcome-determinative one.

## LEGAL STANDARD

Under the Eastern District of Michigan Local Rules, a motion for reconsideration of a non-final order "may be brought only upon the following grounds:"

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B) An intervening change in controlling law warrants a different outcome; or
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).[1]

"Motions for reconsideration of non-final orders are disfavored." *Id.* "'A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments.'" *Dunigan v. Thomas*, No. 22 Civ. 11038 (PDB), 2023 WL 3562987, at *1 (E.D. Mich. May 19, 2023) (Borman, J.) (quoting *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Sch.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018)); *see also id.* at *2 ("'A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion.'") (quoting *Oswald v. BAE Indus., Inc.*, No. 10 Civ. 12660 (RHC), 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010), *aff'd*, 483 F. App'x 30 (6th Cir. 2012)); *Bowles v. Macomb Cmty. Coll.*, No. 20 Civ. 13175 (RHC), 2022 U.S. Dist. LEXIS 84288, at *6 (E.D. Mich. May 10, 2022) (a motion for reconsideration is inappropriate where the moving party "merely disagrees with the court's holding").

Where, as here, a motion for reconsideration simply renews arguments that the court has previously addressed and rejected, the Court need not reconsider these arguments, but may simply deny the motion without further ado. *See, e.g.*, *Harper v. Burt*, No. 19 Civ. 10232 (LVP), 2023 WL 4110535, at *1 (E.D. Mich.

---

[1] E.D. Mich. LR 7.1 was amended effective December 1, 2021. Shaya relies on an outdated version of E.D. Mich. LR 7.1 in his opening brief. (*See* ECF No. 186, PageID.4949.)

June 21, 2023) (declining to "re-address" "arguments . . . previously presented

before the Court" and denying motion for reconsideration); *Ibrahim v. Liberty Mut.*

*Pers. Ins., Co.*, No. 22 Civ. 10015 (SFC), 2023 WL 4446299, at *1 (E.D. Mich.

Apr. 26, 2023) (same); *Douglas v. McCullick*, No. 19 Civ. 10261 (MFL), 2023 WL

2761703, at *1 (E.D. Mich. Apr. 3, 2023) (denying motion for reconsideration

"because [the movant] has not made a sufficient showing for relief under any of

the three grounds for reconsideration under Local Rule 7.1(h)(2)").

## ARGUMENT

Shaya's motion for reconsideration does not argue that there has been an

intervening change in law or new facts that warrant a different outcome on Roche's

motion *in limine*.  (*See* E.D. Mich. LR 7.1(h)(2)(B)-(C); *see generally* ECF No.

186.)  Therefore, Shaya may only attempt to move for reconsideration on the

ground that "[t]he court made a mistake, correcting the mistake changes the

outcome of the prior decision, and the mistake was based on the record and law

before the court at the time of its prior decision."  E.D. Mich. LR 7.1(h)(2)(A).

**I.    Shaya's Motion, Which Merely Repeats Arguments Shaya Already Made, Fails To Meet the Standard for Reconsideration Under E.D. Mich. LR 7.1(h)(2).**

As an initial matter, Shaya "merely reasserts the same arguments he made in

his [opposition to Roche's] motion in limine." *See Fischer v. United States*, 589 F.

Supp. 3d 726, 728 (E.D. Mich. 2022).  Indeed, much of "his motion for

reconsideration is copied and pasted from his previous filings." *Id.* (*Compare* ECF No. 104, PageID.3443-3444, *with* ECF No. 186, PageID.4940-4941; *compare* ECF No. 104, PageID.3448-3453, *with* ECF No 186, PageID.4945-4949; *compare* ECF No. 104, PageID.3456-3457, *with* ECF No. 186, PageID.4955-4956.)  Because Shaya is regurgitating the same facts and legal arguments that this Court already considered and rejected, he is not entitled to reconsideration of this Court's motion *in limine* ruling.  *See Fischer*, 589 F. Supp. 3d at 728 (collecting cases); *Harper*, 2023 WL 4110535, at *1; *Ibrahim*, 2023 WL 4446299, at *1; *Douglas*, 2023 WL 2761703, at *1.

## II.     Shaya's Motion Fails To Demonstrate That the Court Made a Mistake, and That Correcting That Mistake Changes the Outcome of a Prior Decision, Under E.D. Mich. LR 7.1(h)(2)(A).

Even if this Court were to evaluate the merits of Shaya's motion for reconsideration, the motion should be denied because it fails to show that the Court made a mistake that, if corrected, would change the outcome of the Court's *in limine* ruling.  *See* E.D. Mich. LR 7.1(h)(2)(A).

Shaya first argues that the Court erred by summarizing Roche's allegations about Shaya's scheme in its opinion and order on Roche's motion *in limine*.  (*See* ECF No. 186, PageID.4951.)  Shaya takes issue with the following text:

> Roche contends that Shaya, operating through shell companies, conspired with an authorized Roche distributor to deceive Roche into selling him low-priced NFR blood-glucose test strips, which he then re-sold at a large profit to gray-market pharmaceutical companies, who in

turn sold them to pharmacies where they were dispensed at much higher
retail prices.

(*Id.*)  Shaya argues that the Court erred because "Plaintiffs have stipulated they

never sold test strips directly to Shaya or his companies, and Plaintiffs admit they

paid no monies to Shaya."  (*Id.*)  There is no error in the Court's summary, since it

does not conflict with those stipulated facts.  Shaya also has not shown how this

purported error could possibly alter this Court's decision precluding Shaya from

presenting evidence or argument on Roche's manufacturing costs or gross profit

margins.

Shaya next argues that this Court erred when it determined that Roche's

"manufacturing costs and net profits are irrelevant" because the Court "based [its

determination] solely on its unquestioned acceptance of the reasoning of Plaintiffs

and their expert."  (*Id.*)  Shaya claims that this Court "ignores the arguments Shaya

has made throughout this case and in response to Plaintiffs' motion in limine"—

namely, that Dr. Bell's damages model assumes, based on "no evidence," that (1)

all of the sales of the 1.5 million boxes of test strips at issue would have been

replaced by an equal amount of sales in the retail channel; and (2) Roche paid

rebates on all 1.5 million boxes of test strips.  (*See id.*, PageID.4946-4949, 4953.)

Shaya also asserts that this Court has "prevent[ed] Shaya from presenting proofs

that present an alternative damage model – one indicating Plaintiffs suffered no

damages – if the unsupported assumptions of Plaintiffs, Plaintiffs' experts and this Court are not accepted." (*Id.*, PageID.4952-4953.)

Contrary to Shaya's assertion, this Court has not ignored Shaya's arguments about Dr. Bell's assumptions. But this Court has, time and again, disagreed with and rejected Shaya's arguments. (*See generally* ECF No. 97; *see* ECF No. 185, PageID.4927.) In Shaya's motion for reconsideration, he continues to claim that Dr. Bell's assumptions are unsupported by any evidence. (*See* ECF No. 185, PageID.4946-4949.) This Court found that Dr. Bell's assumptions were supported by sufficient support in the record, and as such, denied Shaya's motion to strike Dr. Bell. (ECF No. 97.) In its order on Roche's motion *in limine*, the Court said that it would not revisit those arguments attacking Dr. Bell's assumptions. (ECF No. 185, PageID.4927.)

Shaya complains that "[w]hat this Court should have focused on is whether Roche's manufacturing costs and evidence [that] Plaintiffs made a net profit on the transactions at issue" would be relevant to Shaya's damages defense "if no unsupported assumptions are considered [by the jury]." (*See* ECF No. 186, PageID.4954.) But regardless of whether the jury accepts Dr. Bell's assumptions, Roche's manufacturing costs are irrelevant to Shaya's argument. If, as Shaya hopes, he can persuade the jury to reject Dr. Bell's opinions that (1) the sales of the 1.5 million boxes of test strips at issue would have been replaced by an equal

amount of sales in the retail channel and that (2) Roche paid rebates on all 1.5 million boxes of test strips, this would reduce Roche's damages to zero. Shaya's defense to Dr. Bell's damages calculation does not require any consideration of Roche's manufacturing costs or gross profit margins.[2]

Shaya, therefore, does not identify any mistake made by the Court—he simply asserts that it was error for the Court to determine that Roche's manufacturing costs and gross profit margins are irrelevant. "But for purposes of reconsideration, mistakes and outcomes are mutually exclusive." *McNeal v. Found. Radiology Grp., PC*, 636 F. Supp. 3d 794, 796 (E.D. Mich. 2022). "[T]he purported mistake must be some substantive error in the court's legal analysis or factual findings based on the record at the time of the decision—it cannot be the outcome itself." *Id.* (explaining that the "mistake" must "change[] the outcome" (quoting E.D. Mich. LR 7.1(h)(2))). Shaya's "motion simply reflects [his] disagreement with the Court's decision." *Thompson v. Nestle Waters N. Am., Inc.*, No. 21 Civ. 11054 (SFC), 2023 WL 4493597, at *1 (E.D. Mich. Mar. 3, 2023)

---

[2] Shaya also purports to address in his motion for reconsideration whether "Plaintiffs' per box manufacturing cost, a single number, [would] be confusing to the jury[.]" (*See* ECF No. 186, PageID.4938; *see also id.*, PageID.4941.) But Shaya has not devoted any part of his opening brief to challenging the Court's finding that "evidence of Roche's manufacturing costs or profit margin . . . could likely confuse and distract the jury from the issues at trial, including Roche's alleged damages." (*See* ECF No. 185, PageID.4930.) Any such argument is therefore waived. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010).

(denying motion for reconsideration).  This is insufficient to meet the standard for reconsideration.  *See Mahar v. Comm'r*, No. 21 Civ. 11694 (DML), 2022 WL 17826894, at *1 (E.D. Mich. Feb. 4, 2022) ("a motion for reconsideration 'does not afford parties an opportunity to reargue their case'" (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).[3]

---

[3] Shaya argues in his brief that this Court has acted with bias towards him.  (*See* ECF No. 186, PageID.4951 n.9 ("For unexplained reasons unrelated to the merits of the motions, this Court has yet to decide a substantive motion in Shaya's favor."), PageID.4954 ("Evidencing clear bias, this Court further erred when it conflated its decision on Shaya's motion to strike Plaintiffs' damage expert with a ruling on the relevance of the profit Plaintiff made on the transactions at issue.")) These assertions of bias are nothing but a distraction from the motion at hand. Moreover, Shaya has not alleged any facts demonstrating that this Court abused its discretion or acted with personal bias.  Shaya "cannot establish bias simply because [he] is unhappy with a district judge's rulings."  *See Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) (citation omitted).

## CONCLUSION

For the above reasons, Roche respectfully contends that the Court should issue an order denying Shaya's motion for reconsideration.

Dated:  December 11, 2023                Respectfully submitted,

*/s/ Aron Fischer*
Geoffrey Potter, Esq.
Aron Fischer, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
Tel: 212-336-2000
Fax: 212-336-2222
gpotter@pbwt.com
afischer@pbwt.com

*Attorneys for Plaintiffs Roche Diagnostics Corp. and Roche Diabetes Care, Inc.*

## CERTIFICATE OF SERVICE

The foregoing was filed electronically this 11th day of December, 2023.

Notice of this filing will be sent to all attorneys of record by the Court's CM/ECF

system.

*/s/ Aron Fischer*
Aron Fischer, Esq.