UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROCHE DIAGNOSTICS CORP. and
ROCHE DIABETES CARE, INC.,

       Plaintiffs,   Case No. 19-10264

v   Honorable Paul D. Borman

DONNIE E. DICKSTEIN, KENNETH
G. FASSE, JAMES E. BINSON I, and
CHRISTOPHER F. SHAYA,

       Defendants,
_____/

| | |
|---|---|
| RAYMOND W. HENNEY (P35860) | EDWARD G. LENNON (P42278) |
| Honigman LLP | Lennon Law PLLC |
| Attorney for Plaintiffs | Attorney for Christopher Shaya |
| 660 Woodward Ave., Ste. 2290 | 355 S. Old Woodward, Ste. 100 |
| Detroit, MI 48226 | Birmingham, MI 48009 |
| (313) 465-7410 | (248) 723-1276 |
| rhenney@honigman.com | |

GEOFFREY POTTER, ESQ.
ARON FISCHER, ESQ.
Patterson Belknap, Webb & Tyler LLP
Co-counsel for Plaintiffs
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
gpotter@pbwt.com
afischer@pbwt.com

_____/

**DEFENDANT CHRISTOPHER SHAYA'S REPLY TO PLAINTIFFS'
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
CHRISTOPHER SHAYA'S MOTION FOR RECONSIDERATION**

1

## **INTRODUCTION**

Plaintiffs' damage model rests entirely on two unproven assumptions. It is undisputed that, if those two assumptions of Plaintiffs' damage expert are rejected, Plaintiffs made in excess of $11 million in net profit selling the 1.5 million boxes of diabetic test strips (the "Strips") to Northwood, Inc. ("Northwood"), the sole transactions at issue in this case. Plaintiffs' response to this motion for reconsideration acknowledges that this Court's granting of Plaintiffs' motion in limine results in the jury having only two options if this case reaches the damage phase: a verdict of $0 or $89 million.

However, this is not how trials work. There is simply no authority that supports Plaintiffs and this Court mandating only two possible verdicts from the jury. Because the jury will be empowered to render a monetary verdict that is not $0 or $84 million, Plaintiffs must be allowed to introduce testimony from Plaintiffs' own witnesses that establish Plaintiffs made in excess of $11 million in net profit on the transactions at issue. A failure of this Court to reverse its November 9, 2023 Opinion and Order granting Plaintiffs' motion in limine will surely result in error that could be fodder for the Sixth Circuit Court of Appeals.

# ARGUMENT

I. **This Court has the discretion to grant Shaya's motion for reconsideration.**

Plaintiffs' intimation that this Court may not revisit its prior decision is simply incorrect. The decision whether to grant a motion for reconsideration is within this Court's discretion. *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454 (6th Cir. 2003), citing *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 832 (6th Cir.1999).

II. **This Court's granting of the motion in limine eliminates legitimate damages arguments that could be made by Shaya and forces the jury to reach only two possible conclusions.**

The best argument supporting Shaya's motion for reconsideration is derived from Plaintiffs' Memorandum in opposition to Shaya's motion:

> Contrary to Shaya's assertion, this Court has not ignored Shaya's arguments about Dr. Bell's assumptions. But this Court has, time and again, disagreed with and rejected Shaya's arguments. (*See generally* ECF No. 97; *see* ECF No. 185, PageID.4927.) In Shaya's motion for reconsideration, he continues to claim that Dr. Bell's assumptions are unsupported by any evidence. (*See* ECF No. 185, PageID.4946-4949.) This Court found that Dr. Bell's assumptions were supported by sufficient support in the record, and as such, denied Shaya's motion to strike Dr. Bell. (ECF No. 97.) In its order on Roche's motion *in limine*, the Court said that it would not revisit those arguments attacking Dr. Bell's assumptions. (ECF No.185, PageID.4927.)
> Shaya complains that "[w]hat this Court should have focused on is whether Roche's manufacturing costs and evidence [that] Plaintiffs made a net profit on the transactions at issue" would be relevant to Shaya's damages defense "if no

3

> unsupported assumptions are considered [by the jury]." (*See* ECF No. 186, PageID.4954.)  But regardless of whether the jury accepts Dr. Bell's assumptions, Roche's manufacturing costs are irrelevant to Shaya's argument. **If, as Shaya hopes, he can persuade the jury to reject Dr. Bell's opinions that (1) the sales of the 1.5 million boxes of test strips at issue would have been replaced by an equal amount of sales in the retail channel and that (2) Roche paid rebates on all 1.5 million boxes of test strips, this would reduce Roche's damages to zero. Shaya's defense to Dr. Bell's damages calculation does not require any consideration of Roche's manufacturing costs or gross profit margins.**

(ECF No. 186, PageID. 4970-4971) (footnote omitted, emphasis added). Thus, Plaintiffs seek to have, and this Court's order granting the motion in limine require, the jury decide between only 2 possible damage outcomes: $0 or $84 million.

Plaintiffs' passage above fails to recognize another possible outcome. If the jury rejects Dr. Bell's opinions that (1) the sales of the 1.5 million boxes of test strips at issue would have been replaced by an equal amount of sales in the retail channel and that (2) Roche paid rebates on all 1.5 million boxes of test strips, the undisputed evidence will establish that Plaintiffs made net profits in excess $11 million from the transactions at issue in this case. Plaintiffs' manufacturing costs, price per box and net profits are highly relevant because the jury presiding over the damage phase (if this case gets to that point) will not be confined to a verdict of $0 or $84 million.

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

F.R.E. 401. While this Court has determined the Plaintiffs' manufacturing costs are irrelevant to Plaintiffs' damage claim, this Court ignored the facts that Plaintiffs' manufacturing costs and net profits are highly relevant to Shaya's defense that Plaintiffs suffered no damages and, in fact, realized a profit from the transactions at issue.

Simply stated, a jury may reject the unsupported assumptions of Plaintiffs' damage expert. Under that scenario, if the jury hears evidence of Plaintiffs' net profit, the jury will conclude that Plaintiffs suffered no damages or even profited from the transactions at issue, with either leading to a verdict in Shaya's favor. Federal law favors upholding the verdict if there exists some legal basis, supported by the evidence, upon which the verdict could be based." *Innovation Ventures, LLC v. N2G Distrib., Inc.*, No. 08-CV-10983, 2012 U.S. Dist. LEXIS 56874, 2012 WL 1402818, at *6 (E.D. Mich. Apr. 23, 2012), *aff'd*, 763 F.3d 524 (6th Cir. 2014). This Court should not block Shay's legitimate trial strategy designed to establish Plaintiffs suffered no damages.

5

## **CONCLUSION**

Defendant Christopher Shaya requests that this Court grant his motion for reconsideration, and that this Court deny Plaintiffs' Plaintiffs' motion in limine to preclude evidence or argument regarding manufacturing costs or profit margins.

Dated: December 18, 2023

*/s/Edward G. Lennon*
Edward G. Lennon (P42278)
Attorney for Christopher Shaya

**Proof of Service**

I certify that on December 18, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record herein at their respective addresses as disclosed on the pleadings.

*Signature: /s/Edward G. Lennon*
Edward G. Lennon
355 S. Old Woodward, Ste. 100
Birmingham, MI 48009
(248) 723-1276
elennon@lennonlawpllc.com