UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHE DIAGNOSTICS CORP. and
ROCHE DIABETES CARE, INC.,

        Plaintiffs,

v.

CHRISTOPHER F. SHAYA,

        Defendant,
_____/

Case No. 19-10264

Paul D. Borman
United States District Judge

**<u>OPINION AND ORDER DENYING DEFENDANT CHRISTOPHER SHAYA'S MOTION FOR RECONSIDERATION OF NOVEMBER 9, 2023 OPINION AND ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING MANUFACTURING COSTS OR PROFIT MARGINS (ECF NO. 186)</u>**

## I.    INTRODUCTION

This case involves an alleged scheme by Defendant Christopher Shaya to use his companies, Olympus Global, LLC (Olympus) and Delta Global, LLC (Delta), to purchase <u>not-for-retail-sale</u> (NFR) diabetes test strips manufactured by Plaintiffs Roche Diagnostics Corp. and Roche Diabetes Care, Inc. (together, Roche) from Northwood, Inc. (Northwood), and then resell them in retail markets thereby receiving a significant markup in a sale. (*See generally*, ECF No. 1, Complaint.) Roche asserts claims against Shaya for fraud, unjust enrichment, and tortious interference with contract. (*Id*.) Roche alleges that Shaya made approximately $8

million "from his fraudulent diversion scheme," and that Roche has lost more than $80 million in profits (*Id.*)

On November 9, 2023, this Court entered an Opinion and Order Granting Plaintiffs' Motion in Limine to Preclude Evidence or Argument Regarding Manufacturing Costs or Profit Margins. (ECF No. 185.)

Now before the Court is Defendant Christopher Shaya's Motion for Reconsideration of that November 9, 2023 Opinion and Order Granting Plaintiffs' Motion in Limine to Preclude Evidence or Argument Regarding Manufacturing Costs or Profit Margins (ECF No. 186). The motion for reconsideration has been fully briefed. (ECF Nos. 188, 189.) Because the Court does not believe that oral argument will aid in its disposition of this motion, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(1).

For the reasons set forth below, the Court denies Defendants' motion for reconsideration because it fails to clear the high bar for granting reconsideration in E.D. Mich. L.R. 7.1(h)(2).

## II.  STANDARD OF REVIEW

Eastern District of Michigan Local Rule 7.1 allows a party to file a motion for reconsideration of non-final orders, such as the Opinion and Order at issue in this case. E.D. Mich. L.R. § 7.1(h)(2). That Local Rule provides that "[m]otions for

reconsideration of non-final orders are disfavored" and "may be brought only upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision."

E.D. Mich. L.R. 7.1(h)(2).

"A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018). Accordingly, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).

### III. ANALYSIS

In his motion for reconsideration, Defendant Shaya has not introduced an intervening change in controlling law or previously undiscoverable facts. He instead argues that his motion for reconsideration is based on his assertion that (1) the court made a mistake, (2) that correcting the mistake changes the outcome of the prior

3

decision, and (3) that the mistake was based on the records and law before the Court at the time of its prior decision.

Shaya contends that this Court erroneously "ignore[d] the arguments Shaya has made throughout the case" that Roche's expert's assumptions are unsupported and should be rejected. (ECF No. 186, Def. Mot., PageID.4952-53.) However, the Court has not ignored Shaya's arguments. Rather, Shaya is merely repeating arguments he has made before to this Court, both in his motion to strike Roche's expert, Dr. Gregory Bell, and in his response to Roche's motion in limine. The Court has previously thoughtfully considered Shaya's arguments and found that the expert's assumptions find sufficient support in the record, and that Shaya's challenges to the factual bases of the expert's testimony concern the weight, rather than the admissibility of that testimony. (See ECF No. 97; ECF No. 185.) As stated above, motions for reconsideration are not a vehicle "to rehash rejected arguments[,]" *see Southfield Educ. Ass'n*, 319 F. Supp. 3d at 901, and that is all Shaya is doing here. *See Fischer v. United States*, 589 F. Supp. 3d 726, 728 (E.D. Mich. 2022) ("A motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled.") (collecting cases).

Shaya argues that the Court's ruling on Roche's motion in limine "substantially limits Shaya's cross-examination of Plaintiffs' expert and Plaintiffs' other witnesses, effectively precluding Shaya from presenting any damage defense through Plaintiffs' witnesses" "that Plaintiffs made a profit on the transactions at issue." (ECF No. 186, Def. Mot., PageID.4955.)

However, that argument fails. As the Court noted in its November 9, 2023 Opinion and Order, "Roche has never argued that it does not make a profit on the sale of its NFR test strips," such as the NFR test strips Roche sold to Northwood in this case. (ECF No. 185, Opinion and Order, PageID.4927.) In fact, Roche's expert, Dr. Bell, expressly recognized that Roche made a profit on the sale of the NFR test strips to Northwood in this case, opining in his report that "the appropriate measure of Roche's economic damages with regard to each diverted unit is the difference between the profit Roche would have earned from the sale of a unit of Retail Strips and *the profit Roche <u>actually did earn</u> from its sale of a unit of [NFR] Strips to Northwood*." (ECF No. 87-3, Bell Report, PageID.2296 (emphases added).) Thus, Shaya would be allowed to elicit testimony upon cross-examination of Dr. Bell that Roche did make a profit from the sale of the NFR test strips to Northwood.

However, the amount of that profit and the cost of manufacturing the test strips are not relevant to Roche's claim for damages in this case. Roche does not argue in this case that it made no profit from the initial sale of the NFR test strips to

5

Northwood and that it seeks to recover that figure as damages. Roche instead argues that because each sale of a diverted unit of NFR strips displaced what otherwise would have been the sale of a higher-priced Retail test strip, and because the manufacturing costs of NFR and Retail test strips are the same (a fact Shaya does not challenge), the appropriate measure of Roche's claimed economic damages in this case is the difference between the higher wholesale price Roche alleges it would have received for the sale of the Retail strips and the price Roche actually did receive for the NFR strips sold to Northwood, multiplied by the number of diverted units. (*See* ECF No. 87-3, Bell Report, PageID.2296 (explaining that "the diversion had no material effect on the costs incurred by Roche in manufacturing test strips and in serving the market" and thus "the measure of damages reduces to the difference between the wholesale price Roche would have received for the sale of the Retail Strips and the price Roche actually did receive on the sale of the DME Strips, multiplied by the number of diverted units.").)

Shaya is not, as he contends, "deprive[d] [] of the ability to assert [a damages] defense" by the Court's ruling on Plaintiffs' motion in limine (ECF No. 186, Def. Mot., PageID.4953) and "confined to a verdict of $0 or $84 million." (ECF No. 189, Def. Reply, PageID.4978.)[1] Shaya has not named a damages expert of his own.

---

[1] The Court notes that in his briefs, Shaya makes many allegations that this Court has acted with bias towards him, as well as asserting other pejorative comments

However, he is free to present a defense attacking or questioning Dr. Bell's assumptions in his expert report that the sales of all 1.5 million boxes of test strips at issue would have been replaced by an equal amount of sales in the retail channel and/or that Roche paid rebates on all 1.5 million boxes of test strips. As Roche explains in its Response brief, "[i]f, as Shaya hopes, he can persuade the jury to reject Dr. Bell's opinions …, this would reduce Roche's damages to zero" and thus "Shaya's defense to Dr. Bell's damages calculation does not require any

---

about this Court. (*See, e.g,* ECF No. 186, PageID.4951 fn. 9 ("For unexplained reasons unrelated to the merits of the motions, this Court has yet to decide a substantive motion in Shaya's favor."), PageID.4952 ("What this Court either fails to appreciate or ignores is …."), ("this Court wants to deprive Shaya of the ability to assert his defense."), PageID.4954 ("this Court does not understand the very simple logic ….") ("Evidencing this clear bias, this Court further erred when it conflated its decision on Shaya's motion to strike Plaintiffs' damage expert with a ruling on the relevance of the profit Plaintiff made on the transactions at issue."), PageID.4956 ("this Court so desperately wants to preclude Shaya from challenging Plaintiffs' damage model at trial….").)

      However, the Sixth Circuit Court of Appeals has repeatedly held that bias will not be ascribed to a district judge "in the absence of evidence that he has abandoned his role as an impartial arbiter." *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) (citing *Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001)); *Mason v. Burton*, 720 F. App'x 241, 242-43 (6th Cir. 2017). Judicial bias must be predicated on "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Taylor Acquisitions*, 313 F. App'x at 838. A party cannot establish bias simply because he is unhappy with the judge's rulings. *Id.*; *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citation omitted). That is all Shaya has here – his unhappiness with this Court's rulings – and Shaya's assertions of impropriety or bias fail.

7

consideration of Roche's manufacturing costs or gross profit margins." (ECF No. 188, Pl. Resp., PageID.4970-71.)

Accordingly, if Shaya is successful in challenging either or both of the bases of Roche's claimed damages in this case, to any extent, he could reduce or possibly even eliminate Roche's claimed damages. If Roche prevails at the liability phase of the trial and the jury gets to the damages phase, the jury could reach a verdict of $0, $84 million, or some number in between, without regard to the amount of profits to Roche from the initial sale of the NFR strips to Northwood. Thus, the amount of profit Roche received from the initial sale of the NFR test strips to Northwood, and the manufacturing costs of the test strips, are not relevant to show that Roche suffered no damages based on Roche's allegations in this case.

"A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Indus., Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (emphasis in original), *aff'd*, 483 F. App'x 30 (6th Cir. 2012). Shaya's motion for reconsideration fails to identify any "*actual* defects in the court's opinion.," *see id.*, but rather merely presents the same issues that were already ruled upon by this Court, and the Court does not find any mistake or error in its prior decision that must be corrected.

Accordingly, Shaya has failed to show that the Court made a mistake that affects the outcome of its prior decision and Shaya's desire for a different outcome does not warrant reconsideration.

## IV. CONCLUSION

For the reasons set forth above, Defendant Christopher Shaya's Motion for Reconsideration of the November 9, 2023 Opinion and Order Granting Plaintiffs' Motion in Limine to Preclude Evidence or Argument Regarding Manufacturing Costs or Profit Margins (ECF No. 186) is DENIED.

IT IS SO ORDERED.

Dated: March 1, 2024              s/ Paul D. Borman
                                  Paul D. Borman
                                  United States District Judge